# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

VLSI TECHNOLOGY LLC,

        *Appellant*,

v.

OPENSKY INDUSTRIES, LLC,

        *Cross-Appellant*,

and INTEL CORPORATION,

        *Appellee*

Nos. 23-2158, -2159

## OPENSKY INDUSTRIES, LLC'S RESPONSE TO VLSI TECHNOLOGY'S MOTION TO STAY APPEALS AND FOR A LIMITED REMAND TO ALLOW CONCLUSION OF ADMINISTRATIVE PROCEEDINGS

Pursuant to Federal Circuit Rule 27(b) and Federal Rule of Appellate Procedure 27(a)(3) and (d), OpenSky Industries, LLC ("OpenSky") provides a response to VLSI Technology LLC's ("VLSI") motion to stay (ECF #15).[1]

On July 19, 2023, the Court docketed two separate appeals relating to *inter partes* review proceeding no. IPR2021-01064. One appeal was filed by VLSI (No. 23-2158). VLSI's appeal concerned the Board's judgment in the Final Written Decision that claims 1, 14, 17, 18, 21, 22, and 24 of VLSI's U.S. Patent No. 7,725,759 as well as various other matters (e.g., grant of Intel's joinder motion;

---

[1] Unless otherwise noted, "ECF #__" citations refer to filings on the docket of the lead appeal (Fed. Cir. Appeal No. 23-2158).

denial of Patent Owner's Motion to Terminate as to Intel; and the Director's purported violation of 35 U.S.C. § 6(c) by acting unilaterally in the first instance rather than only through rehearing; and violations of the Administrative Procedure Act and VLSI's due-process rights). ECF #15 at 10 (*citing* Paper 135 ("FWD")).[2]

The other appeal, 23-2159, was filed by OpenSky. OpenSky's appeal concerned a Director's Review and papers that were issued prior to the FWD. OpenSky's appeal challenges (a) findings in Paper 127 that OpenSky allegedly has engaged in discovery misconduct by failing to comply with the Director's Order for Interrogatories and Mandated Discovery; (b) legal errors in Paper 102 denying due process, neglecting limitations on agency authority, applying negative inferences, and holding facts to have been established adverse to OpenSky; (c) findings in Paper 102 that OpenSky purportedly abused the IPR process by filing this IPR in an attempt to extract payment from VLSI, and expressed a willingness to abuse the process to extract the payment and that OpenSky engaged in abuse of process and unethical conduct by offering to undermine and/or not vigorously pursue this matter in exchange for a monetary payment; and (d) determination in Paper 127 that it is appropriate to award attorney fees to VLSI incurred in addressing the issue of OpenSky's misconduct during the proceeding

---

[2] Unless otherwise noted, "Paper" citations refer to filings in IPR proceeding no. IPR2021-01064,

and for the Director review process in its entirety. No. 23-2159, ECF #1-3.

On August 2, 2023, the Court consolidated these appeals, deeming OpenSky's appeal as a cross-appeal.

On August 7, 2023, VLSI filed this motion seeking to stay both of the now-consolidated appeals in their entirety, pending resolution of sanctions in the underlying Director's Review. ECF #15 at 1. VLSI also suggests that the Court may dismiss OpenSky's appeal altogether as allegedly being premature. *Id*. at 19–20.

Dismissal of OpenSky's appeal would be inappropriate. First, jurisdiction for OpenSky's appeal is authorized by 35 U.S.C. §§ 141(c), 319 and 5 U.S.C. § 704. The applicable regulations require that such appeals be filed within 63 days of the FWD. 37 C.F.R. §§ 90.3(a)(1), (b)(1). Whether appellate jurisdiction may exist in this Court at some point in the future after the Director determines an amount of sanctions is unclear. Second, unlike the cases cited by VLSI in which this Court considered discretionary pendent jurisdiction, here jurisdiction is statutory. A "procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704. "[E]xcept as otherwise expressly required by statute," agency action that is otherwise final is final for purposes of appellate jurisdiction even if some issues remain outstanding within the agency "for any form of reconsideration." *Id*.

For these two reasons, the Court should follow the approach employed in *Apple v. VOIP-Pal.com, Inc.*, No. 18-1456, ECF 21 (Fed. Cir. Feb. 21, 2018) and the cases noted in VLSI's footnote 7, and simply stay OpenSky's Appeal (No. 23-2159).

VLSI also asks for the Court to issue a limited remand to "ensure the PTO can resolve outstanding sanctions issues." ECF #15 at 20. This request, of course, begs a central question in the 23-2159 appeal—namely, whether the Director has the authority to levy monetary attorney fee sanctions in the context of a Director's Review. Such a remand cannot bestow authority to the Director that Congress has not already expressly granted to the Director. *See Peter v. Nantkwest, Inc.*, 589 U.S. ___, 140 S.Ct. 365, 371 (2019). The Director's lack of statutory authority to issue monetary sanctions against OpenSky in the Director's Review necessarily means that the remand to the Director requested by VLSI would be improper.

Finally, OpenSky does not oppose a stay of its appeal in No. 23-2159. In doing so, it takes no position on whether VSLI's appeal, principally relating to the merits of the FWD, is ripe and should otherwise be permitted to continue without being stayed.

|  |  |  |
|---|---|---|
|  | Respectfully submitted, |  |
| Dated: August 17, 2023 | By: | /s/ Matthew K. Blackburn/ |

Matthew K. Blackburn
SULLIVAN BLACKBURN PRATT LLC
456 Montgomery St., Suite 900
San Francisco, CA 94104

David Boundy
POTOMAC LAW GROUP, PLLC
P.O. Box 590638
Newton, MA 02456

| | |
|---|---|
| FORM 19. Certificate of Compliance with Type-Volume Limitations | Form 19<br>July 2020 |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 23-2158

**Short Case Caption:** VLSI Technology LLC v. OpenSky Industries, LLC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __744__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 08/17/2023          Signature: /s/ Matthew K. Blackburn

                          Name: Matthew K. Blackburn

Save for Filing

FORM 9. Certificate of Interest                                                                    Form 9 (p. 1)
                                                                                                    March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 23-2158 / 23-2159

**Short Case Caption** VLSI Technology LLC v. Intel Corp. / OpenSky Industries

**Filing Party/Entity** OpenSky Industries, LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/17/2023        Signature: /s/ Matthew K. Blackburn

                        Name:      Matthew K. Blackburn

FORM 9. Certificate of Interest                                                              Form 9 (p. 2)
                                                                                             March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| OpenSky Industries, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest                                             Form 9 (p. 3)
                                                                            March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐  None/Not Applicable      ☐  Additional pages attached

| Andrew T. Oliver | Vinay V. Joshi | |
| Amin, Turocy & Watson LLP | | |
| Evan E. Boeticher | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)    ☑ No    ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable      ☐  Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |