IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| VLSI TECHNOLOGY LLC,<br><br>*Appellant*,<br><br>v.<br><br>OPENSKY INDUSTRIES, LLC,<br><br>*Cross-Appellant*,<br><br>INTEL CORPORATION,<br><br>*Appellee*,<br><br>KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,<br><br>*Intervenor.* | Nos. 2023-2158,<br>2023-2159 |

**INTERVENOR'S RESPONSE TO VLSI'S MOTION TO STAY APPEALS AND FOR A LIMITED REMAND**

The Director of the U.S. Patent and Trademark Office ("Director") responds to VLSI's motion to stay these consolidated appeals and for a limited remand to permit the Director to complete her review in the underlying IPR proceeding. ECF No. 15. The USPTO agrees with VLSI's request for a limited remand. OpenSky's notice of appeal indicates a singular focus on challenging the Director's decisions in her review regarding OpenSky's conduct and related sanctions. VLSI's notice of

appeal similarly indicates an intent to challenge aspects of her review. However, the Director's review is not final. VLSI's opposed motion for attorney's fees—which the Director authorized to explore sanctions for OpenSky's conduct related to and during this IPR—was pending when these appeals were noticed and remains undecided. The USPTO agrees with VLSI that a limited remand to remove any question as to whether the USPTO has the authority to complete the Director Review process is appropriate. The Director will expeditiously render her decision on the pending motion following remand. The Director does not oppose VLSI's request to stay these appeals until the Director Review process is finished.

1.  The party's briefing lays out the procedural history of the IPR and Director Review here in great detail. As relevant to VLSI's motion, on June 7, 2021, OpenSky filed the underlying petition raising unpatentability grounds against VLSI's U.S. Patent No. 7,725,759. IPR2021-01064, Paper 2. On December 23, 2021, the Patent Trial and Appeal Board ("PTAB") instituted the IPR. *Id.*, Paper 17. On December 27, 2021, Intel filed a copy of OpenSky's petition and a motion to join the instituted OpenSky IPR. *See* IPR2022-00366, Papers 3 and 4. On June 8, 2022, the PTAB instituted Intel's requested IPR and joined Intel to OpenSky's IPR2021-01064. *Id.*, Paper 14.

2.  On June 7, 2022, the Director ordered sua sponte review of the Board's institution decision in IPR2021-01064. *See* IPR2021-01064, Paper 41. On October 4, 2022, after briefing and limited mandated discovery, the Director issued a decision determining that OpenSky's conduct leading up to the filing of its IPR petition and

following institution abused the IPR process. *Id.*, Paper 102. The Director determined that OpenSky should be sanctioned for its abusive conduct. *Id.* Those sanctions included relegating OpenSky to a "silent understudy role in this proceeding." *Id.* at 51. Additionally, the Director ordered OpenSky and VLSI to brief whether OpenSky should be "ordered to pay compensatory damages to VLSI, including attorney fees, to compensate VLSI for its time and effort in this proceeding." *Id.* at 4, 51. The Director also remanded to the PTAB to assess whether OpenSky's petition presents "a compelling, meritorious challenge." *Id.* at 4-5; *see* Director Memorandum, *Interim Procedure for Discretionary Denials in AIA Post-Grant Proceedings with Parallel District Court Litigation* at 3-5 (explaining "compelling merits").[1]

3. On October 14, 2022, the PTAB issued a decision determining that OpenSky's petition presented a compelling, meritorious challenge. IPR2021-01064, Paper 107. On December 22, 2022, after ordering sua sponte review of the PTAB's compelling merits decision (Paper 108) and permitting briefing thereon, the Director affirmed the PTAB's decision. *Id.*, Paper 121.

4. On February 3, 2023, after briefing from OpenSky and VLSI on whether OpenSky should be ordered to pay compensatory damages to VLSI as a sanction for OpenSky's abusive conduct, the Director determined that it is "appropriate to award attorney fees to VLSI for the time spent addressing OpenSky's abusive behavior,

---

[1] https://www.uspto.gov/sites/default/files/documents/interim_proc_discretionary_denials_aia_parallel_district_court_litigation_memo_20220621_.pdf

including the Director review process in its entirety." *Id.*, Paper 127 at 2. The Director also restored OpenSky as a party to the proceedings. *Id.* at 3, 15. The Director authorized VLSI to file a motion for fees and for OpenSky to oppose. *Id.* at 16.

5. On February 27, 2023, VLSI filed its motion with the Director for attorney fees as a sanction against OpenSky. *Id.*, Paper 130. On March 24, 2023, OpenSky opposed. *Id.*, Paper 131.

6. On May 12, 2023, the PTAB issued its Final Written Decision (Paper 135) in IPR2021-01064. On July 13, 2023—while VLSI's motion was pending with the Director—VLSI filed its notice of appeal underlying this appeal. On July 13, 2023, OpenSky filed its underlying notice of appeal (docketed by this Court as a cross-appeal and consolidated with VLSI's appeal). *See* Appeal No. 23-2159, ECF No. 1 (July 19, 2023); Appeal No. 23-2158, ECF No. 16 at 2. The Director has not decided VLSI's pending motion for attorney fees as a sanction against OpenSky.

7. On August 7, 2023, VLSI filed a motion with this Court for a stay and limited remand to permit conclusion of the Director's review. Appeal No. 23-2158, ECF No. 15. On August 17, 2023, both OpenSky and Intel responded. *Id.*, ECF Nos. 16 & 17. On August 24, 2023, VLSI filed a reply in support of its motion. *Id.*, ECF No. 18.

8. On September 21, 2023, this Court added the Director as an intervenor to these appeals and provided five business days to respond to the stay/remand motion briefing. *Id.*, ECF No. 23. The Director responds here to those papers.

9. OpenSky's appeal notice states that it appeals from the Final Written Decision. However, the issues identified relate solely to the Director Review process and decisions (Papers 102 and 127 in IPR2021-01064), including the unresolved sanctions issues. *See* Appeal No. 23-2159, ECF No. 1 (July 19, 2023). Because Director Review is not complete, it is not final and OpenSky's appeal on such issues is premature.[2] *See, e.g.*, *Bennett Regulator Guards, Inc. v. Atlanta Gas Light Co.*, 825 F. App'x 773, 782 (Fed. Cir. 2020) ("[W]e lack jurisdiction to review the Board's unquantified, and thus non-final, [sanctions] order" in an appeal from a Final Written Decision).

10. The USPTO agrees with VLSI that this Court should provide for a limited remand to permit the Director to resolve the outstanding sanctions issues and complete Director Review. *See* ECF No. 15 at 19-20. The USPTO agrees with VLSI that the Office arguably possesses jurisdiction to complete that review, at least because OpenSky's appeal therefrom is premature. *See id.* (citing, *e.g.*, *Venen v. Sweet*, 758 F.2d 117, 121 (3d. Cir. 1985) (lower tribunals do not lose jurisdiction based upon a notice of appeal taken from a nonappealable decision)); *see In re Graves*, 69 F.3d 1147, 1149-50 (Fed. Cir. 1995) (only an appeal notice taken from an appealable decision transfers jurisdiction from the USPTO to this Court). The fact that the unresolved issues relate to sanctions further supports USPTO jurisdiction over those issues, even

---

[2] On August 28, 2023, the USPTO filed a notice forwarding certified lists in Appeal Nos. 23-2158 and 23-2159 stating that the appeal notices were timely filed. That statement is correct to the extent that either appeal seeks review of the Final Written Decision, as identified in those notices.

if any appeal from the unpatentability determinations in the Final Written Decision is arguably proper. *See Dobyns v. United States*, 915 F.3d 733, 738 (Fed. Cir. 2019) (explaining that lower tribunals "typically retain jurisdiction . . . on collateral issues" like sanctions, even if they lose jurisdiction over the "merits decision"); *Bennett*, 825. F. App'x at 783 (reviewing challenges to a final written decision despite unresolved sanctions issues). While the USPTO may still possess jurisdiction over the Director Review, a limited remand is appropriate to "avoid any need to decide the propriety, prematurity, or effect of OpenSky's current appeal." ECF No. 15 at 20.[3] This Court has granted a limited remand in similar situations. *See Apple Inc. v. Voip-Pal.com, Inc.*, Appeal No. 18-1456, ECF No. 21 at 2 (Feb. 21, 2018) (granting motion for remand to resolve sanctions issues related to appeal from Final Written Decisions "[t]o the extent necessary"). The Director will issue her outstanding decision as quickly as possible.

11. OpenSky's argument that a limited remand would be improper because the Director lacks the authority to issue monetary sanctions in a Director Review puts the cart before the horse. *See* ECF No. 16, at 4. OpenSky's authority argument is exactly

---

[3] VLSI did not move to dismiss OpenSky's cross-appeal as untimely. Thus, the USPTO takes no position on VLSI's suggestion that OpenSky's cross-appeal "may warrant dismissal" and that OpenSky must refile their appeal notice to make its appeal proper once Director Review is complete (*see* ECF No. 15 at 18, 20), or OpenSky's response arguing why dismissal would be inappropriate. *See* ECF No. 16 at 3.

that—an argument; this Director Review must be final before OpenSky may pursue an appeal attempting to challenge that process.

12. The Director does not oppose VLSI's request to stay the appeal. A stay is consistent with the Court's procedural approach in the *Voip-Pal.com* appeal. The private parties' arguments about the propriety of various issues for appeal and the degree to which those issues intersect need not be resolved to determine the propriety of a stay. Even if Intel is correct that the Court could move forward on VLSI's challenges to the unpatentability merits (*see* ECF No. 17 at 12-13), VLSI indicates it intends to raise additional challenges, including ones relating to the nonfinal Director Review. *See* ECF No. 1-2 at 1 (issue v). OpenSky's appeal notice indicates a focus on matters outside the unpatentability merits. Judicial economy is better served by exercising this Court's inherent power to stay in this instance, where the parties indicate they intend to raise challenges related to the nonfinal Director Review and the Final Written Decision that are at least related to the same common operative nucleus of facts. It makes sense to keep VLSI and OpenSky's appeals consolidated for that reason. *Contra* ECF No. 17 at 12 (suggesting the two appeals be deconsolidated). The Director recognizes Intel's protest that a stay prejudices it with respect to its appeal from its district court case with VLSI because affirming the Board's unpatentability determinations here may positively impact its appeal there. *Id.* at 21. However, Appeal No. 22-1906 is scheduled for oral argument on October 5, 2023, and will be ready for decision long before this case, even without a stay.

## CONCLUSION

For the foregoing reasons, the Court should grant VLSI's motion for a limited remand. The USPTO does not oppose staying these appellate proceedings to permit completion of the Director's review.

    Respectfully,

    <u>/s/ Robert J. McManus</u>
    THOMAS W. KRAUSE
        *Solicitor*
    FARHEENA Y. RASHEED
        *Deputy Solicitor*
    ROBERT J. MCMANUS
        *Senior IP Legal Counsel*
        United States Patent and Trademark Office
        Office of the Solicitor
        P.O. Box 1450, Mail Stop 8
        Alexandria, VA 22313
        571-272-9035
        robert.mcmanus@uspto.gov

September 25, 2023

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this response complies with the applicable type-volume requirements because it was prepared in Garamond, a proportionally-spaced font, and contains 1,699 words according to the count of Microsoft Word.

*/s/ Robert J. McManus*
Robert J. McManus
