## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

VLSI TECHNOLOGY LLC,

*Appellant*,

v.

OPENSKY INDUSTRIES, LLC,

*Cross-Appellant*,

INTEL CORPORATION,

*Appellee*,

KATHERINE K. VIDAL, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,

*Intervenor*.

Nos. 23-2158, 23-2159

## VLSI TECHNOLOGY LLC'S NOTICE
## REGARDING THE COMPLETION OF PROCEEDINGS ON REMAND

These consolidated appeals arise from an inter partes review of VLSI Technology LLC's patent. After the Board issued its final written decision, patent owner VLSI and petitioner OpenSky Industries, LLC filed notices of appeal. At that time, sanctions issues in the underlying IPR were still pending before the PTO's Director. On December 7, 2023, this Court stayed the appeals and ordered a limited remand to the PTO for "the Director to complete her review[ ] and to resolve any

remaining sanctions issues." ECF #27 at 3.[1]  The Court's December 7 order directed the parties to inform the Court, "[w]ithin 14 days from the completion of the Director's review[], . . . as to how they believe these appeals should proceed." *Id.*

On December 15, 2023, the Director issued a final decision addressing the outstanding sanctions issues and ordering OpenSky to pay VLSI certain attorney's fees.  Paper 141.  Counsel for OpenSky indicated that OpenSky intended to seek rehearing of the Director's decision.  After the parties notified the Court of those developments, ECF #28, the Court continued the stay of the appeals and ordered that, "[w]ithin 14 days from the Director's resolution of OpenSky's rehearing petition, the parties shall inform this court as to how they believe these appeals should proceed," ECF #29 at 2.

On March 11, 2024, the Director issued a final order granting in part and denying in part OpenSky's request for rehearing.  Paper 149.  Consequently, the limited remand proceedings ordered by this Court are complete.

VLSI respectfully submits that these appeals should be reactivated and should proceed consistent with the approach this Court adopted in the parallel IPR appeals involving VLSI, Intel Corporation, and Patent Quality Assurance LLC ("PQA"). *See VLSI Technology LLC v. Patent Quality Assurance LLC*, No. 23-2298, Dkt. 37

---

[1] "Paper" citations refer to filings in the underlying IPR proceeding (IPR2021-01064), while "ECF #" citations refer to filings in Fed. Cir. No. 23-2158.

(Fed. Cir. Jan. 18, 2024).   The Court simultaneously ordered limited remands for resolution of outstanding sanctions issues in both this case and the PQA case.  *See* ECF #27 (order remanding in both cases).   Given the similarities between the two cases, VLSI respectfully submits that the Court should adopt the same schedule in this case as it did following the limited remand in the PQA case.

Accordingly, the Court should order that:

(1)  any amended notice of appeal from the Director's final orders on limited remand be due in accordance with 35 U.S.C. § 142 and 37 C.F.R. § 90.3(b)(1) and be filed in this case;

(2)  updated docketing statements and the amended certified list be due no later than 14 and 60 days thereafter, respectively;

(3)  VLSI's principal brief be due within the time allowed by the Federal Circuit Rules after entry of the amended certified list;

(4)  OpenSky's principal and response brief and Intel's response brief be due no later than 40 days after service of VLSI's principal brief;

(5)  the Director's brief be due no later than 40 days after service of OpenSky's principal and response brief or Intel's response brief, whichever is later;

(6)  VLSI's response and reply brief be due no later than 40 days after service of the Director's brief;

(7)  OpenSky's reply brief be due no later than 21 days after service of VLSI's response and reply brief; and

(8)  the joint appendix be due no later than 7 days after filing of OpenSky's reply brief.

*See PQA*, No. 23-2298, Dkt. 37 at 2.

3

VLSI has consulted with counsel for the other parties to these appeals and is authorized to state that Intel and the Director do not oppose the schedule proposed in this notice.  Counsel for OpenSky did not provide OpenSky's position on this notice or the proposed schedule.

March 25, 2024                    Respectfully submitted,

/s/ Jeffrey A. Lamken

Jeffrey A. Lamken
   *Counsel of Record*
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
jlamken@mololamken.com

*Counsel for VLSI Technology LLC*

FORM 9. Certificate of Interest

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2023-2158, 2023-2159 |
| **Short Case Caption** | VLSI Technology LLC v. OpenSky Industries, LLC |
| **Filing Party/Entity** | VLSI Technology LLC |

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 03/25/2024

Signature: /s/ Jeffrey A. Lamken

Name: Jeffrey A. Lamken

FORM 9. Certificate of Interest

Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| VLSI Technology LLC | | CF VLSI Holding LLC |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| Bridget Smith<br>Lowenstein & Weatherwax LLP *No longer with firm | Flavio Rose<br>Lowenstein & Weatherwax LLP *No longer with firm | Edward Hsieh<br>Lowenstein & Weatherwax LLP *No longer with firm |
| Parham Hendifar<br>Lowenstein & Weatherwax LLP | Patrick Maloney<br>Lowenstein & Weatherwax LLP *No longer with firm | Jason C. Linger<br>Lowenstein & Weatherwax LLP *No longer with firm |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑    Yes (file separate notice; see below)    ☐    No    ☐    N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2023-2158, 2023-2159

**Short Case Caption:** VLSI Technology LLC v. OpenSky Industries, LLC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 618 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 03/25/2024          Signature: /s/ Jeffrey A. Lamken

                          Name: Jeffrey A. Lamken

Save for Filing